821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cro C. ADAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-5983
 United States Court of Appeals, Sixth Circuit.
 June 29, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this Part B case arising under the Black Lung Act, 30 U.S.C. Sec. 901, et seq., the main question presented on appeal is whether the Administrative Law Judge correctly determined that claimant was not entitled to the statutory presumption of disability under 30 U.S.C. Sec. 921(c)(4). The basic question concerns whether a claimant who is totally disabled may nonetheless be found not to trigger the Sec. 921(c)(4) presumption where, based on a combination of circumstances, the disability is determined not to have arisen from a respiratory or pulmonary impairment.
 
 
 2
 Claimant filed an application for benefits which was denied initially by the Social Security Administration on November 16, 1970 and upon reconsideration on May 22, 1973. A hearing was subsequently held before an ALJ who by a decision of July 5, 1974 found that claimant was not entitled to black lung benefits. The Appeals Council upheld this decision on December 8, 1975.
 
 
 3
 On March 20, 1984, the District Court affirmed the denial of benefits based on the x-ray evidence and remanded the case to determine whether claimant's pulmonary impairment was totally disabling. The Appeals Council held on June 19, 1985 that claimant was still not entitled to black lung benefits under the Act, and on August 8, 1986, the District Court affirmed the denial of benefits.
 
 
 4
 Mr. Adams claimed disability on the basis of a problem other than a respiratory or pulmonary impairment: in his application for benefits, claimant alleged he was disabled only by heart trouble. The medical opinions in this case are sparse in terms of a clinical basis for a pulmonary or respiratory impairment. Upon a physical examination by Dr. Richard Keeler on December 19, 1966, there was no finding or complaint of lung trouble. A report by a general practitioner, Dr. Lundy Adams, on January 5, 1973 stated that electrocardiograms of November 21, 1968 and June 13, 1969 showed atrial fibrillation and moderately severe cardiomegaly; the diagnosis was coronary artery disease with angina, diabetes mellitus, chronic bronchitis, and 'possible' pneumoconiosis. In October 1973, Dr. Paul Odom, a general practitioner, found no abnormal breathing, a normal chest on inspection, no coughing, and good diaphragmatic action.
 
 
 5
 A December 1973 examination by Dr. Paul Van Lith, a board-certified internist, found that claimant had no evidence clinically of a respiratory impairment. Dr. Van Lith found, for example, that claimant 'did not cough a single time during the interview and he did not cough during the physical examination while forced expiratory maneuvers were being done.'
 
 
 6
 Therefore, based on the foregoing, we believe that the ALJ properly made a finding supported by substantial evidence that claimant's disability is not sufficiently connected to a respiratory pulmonary impairment to trigger the Sec. 921(c)(4) presumption under the Act.[1]
 
 
 7
 Accordingly, the decision of the Secretary is affirmed.
 
 
 
 [1]
 Claimant relies on Ansel v. Weinberger, 529 F.2d 304 (6th Cir. 1976), and particularly the following language from that case: 'His treating physician stated unequivocally that Ansel was totally disabled for work in a coal mine. No other medical witness contradicted this statement, and the lay testimony supported Dr. Bope's opinion.' 529 F.2d at 309. While Ansel involves a rebuttal case under the Sec. 921(c)(4) presumption, as opposed to the triggering of the presumption involved here, it is further distinguishable on the grounds that the evidence discussed above does not suggest a totally disabling pulmonary or respiratory impairment but rather a closer connection to a heart ailment